MYERS ET AL., APPELLEES, *v.*
CINCINNATI INSURANCE COMPANY,
APPELLANT.

(No. 1536—Decided
October 30, 1989.)

*William Allyn, Jr.,* for appellees.
*Gregory D. Rankin,* for appellant.

GREY, J. On February 7, 1987, the home of the plaintiffs-appellees, Steven and Sallie Meyers, was destroyed by fire. The home was insured by the defendant-appellant, the Cincinnati Insurance Company, against fire under a policy with limits of $50,000.

On July 2, 1987, Mr. and Mrs. Meyers filed suit in the Ross County Common Pleas Court against Cincinnati Insurance Co. demanding the $50,000 due them under the policy.

The parties stipulated that the ac-

tual cash value of the home immediately prior to the fire was $30,000 and that "the fire did not occur from any of the causes excepted in the policy of insurance and Plaintiffs met all conditions precedent to recovery under the terms of the policy."

The common pleas court granted judgment in favor of Mr. and Mrs. Meyers and awarded them $50,000. In its judgment entry of August 8, 1988, the court found:

"The valued policy law set forth in Ohio Revised Code Section 3929.25 requires payment of the policy limits notwithstanding the fact that actual cash value of the dwelling in question was $30,000.00 and notwithstanding contrary provisions of the policy of insurance which was in effect on the date of the loss. The Court finds that to the extent the policy language provides for recovery of less than the limits in he [*sic*] case of a total loss, said policy provisions are void."

From the judgment so entered, appellant has filed a timely notice of appeal to this court setting forth a single proposition of law, as follows:

"Where a policy, by its express terms, permits the insured to recover the full cost of repair or replacement, up to the limits of the policy in the event of repair or replacement, the amount of recovery shall be as prescribed by the policy, and includes payment of actual cash value where there has been no repair or replacement."

R.C. 3929.25, known as the valued policy statute, provides as follows:

"A person, company, or association insuring any building or structure against loss or damage by fire or lightning, by renewal of a policy, shall have such building or structure ex-

amined by his or its agent, and a full description thereof made, and its insurable value fixed, by said agent. In the absence of any change increasing the risk without the consent of the insurers, and in the absence of intentional fraud on the part of the insured, in the case of total loss the whole amount mentioned in the policy or renewal, upon which the insurer received a premium, shall be paid. *If, however, the policy of insurance, by its express terms, permits the policyholder to recover the full cost of repair, or replacement, of the building or structure, without deduction for depreciation or obsolescence, up to the limits of the policy in the event that the building or structure is in fact repaired or replaced, the amount of recovery for any loss under such a policy of insurance shall be as prescribed by the policy.*

"The cellar and foundation walls shall not be considered a part of such building or structure in settling losses, despite any contrary provisions in the application or policy." (Emphasis added.)

The emphasized portion of the statute is the result of a 1980 amendment.

The policy of insurance at issue states, in part:

"3: Loss settlement. Covered property losses are settled as follows:

"* * *

"c. Buildings under Coverage A or B at replacement cost without deduction for depreciation, subject to the following:

"(1) If at the time of loss the amount of insurance in this policy on the damaged building is 80% or more of the full replacement cost of the building immediately prior to the loss, we will pay the cost of repair or replacement, without deduction for depreciation, but not exceeding the smallest of the following amounts:

"(a) the limit of liability under this policy applying to the building;

"(b) the replacement cost of that part of the building damaged for equivalent construction and use on the same premises; or

"(c) the amount actually and necessarily spent to repair or replace the damaged building.

"(2) If at the time of loss the amount of insurance in this policy on the damaged building is less than 80% of the full replacement cost of the building immediately prior to the loss, we will pay the larger of the following amounts, but not exceeding the limit of liability under this policy applying to the building:

"(a) the actual cash value of that part of the building damaged; or

"(b) that proportion of the cost to repair or replace, without deduction for depreciation, of that part of the building damaged, in which the total amount of insurance in this policy on the damaged building bears to 80% of the replacement cost of the building.

"(3) In determining the amount of insurance required to equal 80% of the full replacement cost of the building immediately prior to the loss, you shall disregard the value of excavations, foundations, piers and other supports which are below the under-surface of the lowest basement floor or, where there is no basement, which are below the surface of the ground inside the foundation walls, and underground flues, pipes, wiring and drains.

"(4) When the cost to repair or replace the damage is more than $1000 or more than 5% of the amount of insurance in this policy on the building, whichever is less, we will pay no more than the actual cash value of the damage until actual repair or replacement is completed.

"(5) You may disregard the replacement cost loss settlement provi-

sions and make claim under this policy for loss or damage to buildings on an actual cash value basis and then make claim within 180 days after loss for any additional liability on a replacement cost basis."

R.C. 3929.25 provides that an insurer shall examine, fully describe, and fix the value of the insured building. In the event of a total loss, the whole amount mentioned in the policy shall be paid. The purpose of putting the contract into the form of a valued policy, instead of an open policy, is to prevent disputes as to the amount to be recovered. See *Milwaukee Mechanics' Ins. Co.* v. *Russell* (1901), 65 Ohio St. 230, 62 N.E. 338.

The 1980 amendment recognized the validity of a replacement cost provision in a policy of insurance. However, the provision comes into play only *if* the building is repaired or replaced. The policy then controls the recovery for the loss. The insurer may benefit if the cost of repair or replacement is less than the policy limits. In other words, if the building is repaired or replaced for less than the limits of the policy, the insured is not automatically entitled to collect the difference up to the limits of the policy. The insured would also benefit through reduced premiums.

Neither the statute nor the policy expressly state that an insured may not recover the value of the policy in the event that he chooses not to repair or replace.

Appellant cites *Patterson* v. *Grange Mut. Cas. Co.* (1986), 27 Ohio Misc. 2d 28, 27 OBR 347, 501 N.E. 2d 691, in support of its proposition of law. In that case, the court did find that the insureds were entitled to receive only the actual cash value of the property under a replacement costs provision in their policy since they did not repair or replace. We have not found any other cases interpreting the 1980 amendment to R.C. 3929.25. We disagree with the Clermont County Common Pleas Court and are not bound by its decision.

Furthermore, to interpret the 1980 amendment in the manner proposed by the appellant would defeat the purpose of the valued policy statute.

The statute requires the insurer to make an accurate appraisal of the value of the building at the time the policy is issued, and mandates that the insurer be bound by that initial determination if the building is entirely destroyed. If a building is insured for a set amount and then totally destroyed, the insurer is estopped to deny the original value it placed on the building. This is a reasonable provision since the insured would have an almost impossible burden of proof trying to establish the value of the building after if had been totally destroyed. This statute further advances the public policy of the state by making sure buildings will not be overinsured and by eliminating costly and useless litigation by requiring that the value be set at the time the policy is issued.

The unambiguous language of R.C. 3929.25 is a clear expression by the legislature of the public policy of the state. Appellant's assignment of error is not well-taken and is overruled.

*Judgment affirmed.*

ABELE, P.J., concurs.

STEPHENSON, J., concurs in judgment only.